UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

Crim. No. 06-0033 (PLF)

_____

**UNITED STATES OF AMERICA,**                                            Appellant,

   v.

**ROBERT LEE JACKSON,**                                                  Appellee.

**GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF
APPEAL UNDER FEDERAL RULE OF APPELLATE PROCEDURE 4(b)(4)**

   The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the District Court grant the government's motion for a 30-day extension to file its notice of appeal in the above-captioned matter and accept its notice of appeal, date-stamped August 23, 2006, as timely filed.

   Following a guilty plea, defendant Jackson was convicted of one count of unlawful possession with intent to distribute cocaine and one count of unlawful possession of a firearm and ammunition by a person convicted of crime punishable by imprisonment for a term exceeding one year (21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii); 18 U.S.C. § 922(g)(1)).  This Court sentenced defendant to 60 months'

2

incarceration on each count, to be served concurrently, with credit for time served. The judgment was entered on July 3, 2006.

The government filed a notice of appeal of the sentence. The Court of Appeals docketed the appeal on August 24, 2006. On October 2, 2006, the Court of Appeals, on its own motion, ordered that the United States Attorney's Office show cause why the sentencing appeal should not be dismissed as untimely. The Court pointed out that, although Judgment was entered by this Court on July 3, 2006, the government's notice of appeal was stamped as filed on August 23, 2006, beyond the 30-day period provided by Fed. R. App. P. 4(b).[1] After the government filed its "Response to Court's Order to Show Cause Why Appeal Should Not Be Dismissed as Untimely" ("Response"), the Circuit Court, on January 12, 2007, remand the record to this Court for findings regarding excusable neglect or good cause under Fed. R. App. P. 4(b)(4).[2]

---

[1] Fed. R. App. P. 4(b)(1)(B)(i) provides in pertinent part that "[w]hen the government is entitled to appeal [a judgment or order], its notice of appeal must be filed in the district court within 30 days after . . . the entry [on the docket] of the judgment or order being appealed . . . ." Under this Rule, the government's notice of appeal was due to be filed no later than August 2, 2006.

[2] Fed. R. App. P. 4(b)(4) provides as follows: "Upon a finding of excusable neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

3

As we stated in our Response to the Show Cause Order, on August 2, 2006, the government prepared, signed and dated the notice of appeal and docketing statement and placed the documents, as well as a computer disc containing these documents in .pdf format, in an envelope for delivery and filing that same day in the District Court by a messenger employed by the United States Attorney's Office.  Sometime before 3:00 p.m. that afternoon, a paralegal serving in the Appellate Division, who had assisted in preparing the notice of appeal and accompanying documents, placed the envelope in the "out-going" Division mailbox used for documents and pleadings intended to be filed in Court of Appeals and the District Court Clerks' Offices.  At approximately 3:00 p.m. that afternoon (August 2, 2006), the envelope was picked up by the messenger.

Following the 3:00 p.m. mail pickup, the paralegal noticed that the envelope was no longer in the out-going "Court" mailbox. Although the messenger from the United States Attorney's Office has no specific recollection of the envelope or notice of appeal in question, he would testify that his usual and customary practice each business day was to pick up all mail in the "Court" mail box in the Appellate Division of the United States Attorney's Office. With respect to pleadings intended to be filed in the District

4

Court, the messenger would explain that, upon entering the Clerk's Office, he would proceed to a designated table that supported a large box, or receptacle, for pleadings to be filed in the District Court. The messenger would date-stamp each pleading (and one or more copies), deposit each original pleading in the box, and return a file-stamped copy of the pleading to the originating section or division of the United States Attorney's Office.

When the Court of Appeals issued its Show Cause Order in October, pointing out that the notice of appeal was date-stamped August 23, 2006, we immediately conducted a review of our files and records. We found no file-stamped copy of the notice of appeal in our Appellate Division file for defendant Jackson's case; we had only a photocopy of the original notice of appeal that was signed and dated August 2, 2006. We then obtained a file-stamped copy of the notice of appeal from the District Court's Clerk's Office (copy attached). The notice is stamped, on its face, with the date August 23, 2006. On the reverse side of the notice of appeal, there appears another date-stamp, also August 23, 2006, but with a hand-written notation that the notice had been found in the "Circuit Executive's" mailbox, which is behind the public counter in the District Court Clerk's Office.

Based on the above facts and circumstances, the United States Attorney respectfully requests that this Court find that the delay

5

in date-stamping and filing the notice of appeal was a product of excusable neglect or good cause; we accordingly request that the Court extend the time to file a notice of appeal an additional 30 days, from August 2, 2006, until September 1, 2006, and accept the notice of appeal file stamped on August 23, 2006, as timely.  See Fed. R. App. P. 4(b)(4).

Although excusable neglect is a necessarily fact-driven inquiry, the Supreme Court has ruled that "[a determination of excusable neglect] is an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 385 (1993)(defining excusable neglect in the context of Fed. R. Bank. P. 3003(c)); see, e.g., United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004) (applying the same standard for excusable neglect to Fed. R. App. P. 4(b)(4)).  See generally 20 Moore's Federal Practice, § 304.25, at p. 304-78 (3d ed. 2006)("The Pioneer standard, which is more liberal than the earlier standard, has been applied to Appellate Rule 4(b) by the circuit courts.").[3]

---

[3] The District of Columbia Circuit, "[w]hile not explicitly extending Pioneer to such determinations [of excusable neglect], . . . has cited Pioneer in reviewing motions for extensions of time to file a notice of appeal." Webster v. Pacesetter, Inc., 270 F. Supp.2d 9, 11 n.6 (D.D.C. 2003)(Huvelle, J.)(citing, inter alia, Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 n.5 (D.C. Cir. 2001)).

6

In such cases, the District Court should weigh four factors to determine excusable neglect: (1) the danger of prejudice to the nonmoving party ("prejudice"), (2) the length of the delay and its potential impact on judicial proceedings ("delay"), (3) the reason for the delay, including whether it was within the reasonable control of the movant ("fault"), and (4) whether the movant acted in good faith ("good faith").  Pioneer, 507 U.S. at 395; Torres, 372 F.3d at 1163.  The determination of excusable neglect or good cause is left to the broad discretion of the District Court, and will not be reversed on appeal absent a showing of an abuse of that discretion.  E.g., Students Against Genocide, 257 F.3d at 833 n.5 (citing Johnson v. Lehman, 679 F.2d 918 (D.C. Cir. 1982)).

In 1979, the Federal Rules of Appellate Procedure were amended to add "good cause" as grounds for extending time to file a notice of appeal.  The addition was intended to enable District Court judges to accommodate a wider array of circumstances than under the "excusable neglect" standard.  In re Buckingham Super Markets, Inc., 631 F.2d 763, 765-766 (D.C. Cir. 1980)("The history of Rule 4(a) indicates that the excusable neglect standard has been applied with diminishing rigidity, . . .  [The 1979 amendment adding "good cause" as a ground for extension] reflect[s] . . . a continuation of the trend toward flexibility in the granting of extensions."); Parke-Chapley Const. Co. v. Cherrington, 865 F.2d 907, 909-910 n.5

7

(7th Cir. 1989).[4] <u>See generally</u> Moore's Federal Practice, <u>supra</u>, § 304.14[2][b], at p. 304-60 ("The 'good cause' standard is more lenient than the 'excusable neglect' standard, and is left to the discretion of the district court."); <u>id</u>. at § 304.25, p. 304-78 ("Presumably, 'good cause' in the context of a criminal case means the same thing as 'good cause' in the civil context."); 16A Federal Practice and Procedure, § 3905.3, at pp. 158-159 (3d ed. 1999) ("It has been generally supposed that 'good cause' is a more forgiving test than 'excusable neglect' and that the 1979 amendment adding 'good cause' as a ground for granting an extension has liberalized the rule.").

Here, all four factors weigh in favor of finding excusable neglect or, at the least, good cause. First, additional time for

---

[4] <u>Parke-Chapley</u> had also held that, in civil cases, the "good cause" standard only applied to extension motions that were filed within the initial 30-day period within which to note an appeal. 865 F.2d at 909-911. For civil extension motions filed after the initial 30-day period, <u>Parke-Chapley</u> held, the "excusable neglect" standard applied. <u>Id</u>. at 911. In 2002, the civil rule, Rule 4(a)(5)(A)(ii), was amended to make it clear that an extension may be granted by the district court for either good cause or excusable neglect, regardless of whether the motion is filed before or after the initial 30-day period. The corresponding criminal rule, Rule 4(b)(4), had been amended in 1998 to provide that "[u]pon a finding of excusable neglect or good cause, the district court may – <u>before or after the time has expired</u>, with or without motion and notice – extend the time to file a notice of appeal. . . ." (Emphasis added.)

8

filing would not prejudice defendant Jackson.[5]  Second, the delay in filing the notice was less than 30 days.  Third, there is no allegation that appellant acted in bad faith in failing to perfect the filing on August 2, 2006.  Most importantly, the fault factor also weighs in favor of finding excusable neglect (or good cause), particularly where, as here, the notice of appeal was apparently lost or misplaced somewhere in the Courthouse, if not in the District Court Clerk's Office itself.

In Freeman v. Dole, 595 F. Supp. 710 (D.D.C. 1984) (Robinson, C.J.), a dispute over attorneys' fees in a successful employment discrimination suit brought against the government, the United States Attorney's Office filed a notice of appeal (from a fee award in favor of the plaintiff) after the 30-day limit.  The District Court ruled against finding excusable neglect because the notice was "apparently inadvertently misplaced during its administrative

---

[5] Had the notice been stamped August 2, 2006, and the appeal proceeded in the ordinary course, the United States intended to file a motion to hold this appeal in abeyance pending a decision by the Court of Appeals in United States v. Pickett, 475 F.3d 1347 (D.C. Cir. 2007).  In several other, similar cases, the Court of Appeals has entered orders staying the appeals pending the decision in Pickett.  E.g., United States v. Robert Harris, USCA No. 06-3080, and United States v. Michael Brown, USCA No. 06-3074.  We believe that, in all likelihood, the Court of Appeals would have granted a motion to hold the appeal in this case in abeyance pending Pickett.  The United States has until April 30, 2007, within which to file a petition for rehearing or rehearing en banc in Pickett.  Defendant Jackson has not been prejudiced by the delay in perfecting the appeal in this case.

handling" within the United States Attorney's Office.  _Id._ at 711. The Court ruled, however, that "excusable neglect exists where the moving party attempts timely delivery of the notice of appeal, but intervention of an unpredictable event delays receipt of the notice."  _Id._ (citations omitted).  The Court suggested that it would have found excusable neglect, if, for example, the notice of appeal had been "lost at the courthouse."  _Id._ at 712 ("Were this the case [_i.e._, that the notice been lost in the courthouse,] the facts more readily would lend themselves to a finding of excusable neglect.").

Here, all available evidence suggests that the notice was, in fact, taken to the District Court by the messenger as scheduled on August 2, 2006, but was lost or misplaced within the Clerk's Office of the District Court (or at least within the Courthouse).  The hand-written note on the notice, indicating that the notice had been found in the "Circuit Executive's" mailbox in the Clerk's Office, would suggest that the notice was somehow lost or misplaced within the Clerk's Office.

10

**WHEREFORE, the United States of America, hereby requests that this Court grant the government's motion for extension of time to file a notice of appeal and accept the notice of appeal, date-stamped August 23, 2006, as timely filed.**

**Respectfully submitted,**

_____/s/_____
**JEFFREY A. TAYLOR**
**United States Attorney**

_____/s/_____
**THOMAS J. TOURISH, JR.**
**Assistant United States Attorney**

_____/s/_____
**PATRICIA STEWART**
**D.C. Bar No. 358910**
**Assistant United States Attorney**
**555 4th Street, N.W., Room 4247**
**Washington, D.C.  20530**
**(202) 514-7064**
**Patricia.Stewart@usdoj.gov**